[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT: PATRICK WOODALL DATE OF SENTENCE: JULY 24, 2000 DATE OF APPLICATION: JULY 24, 2000 DATE APPLICATION FILED: JULY 25, 2000 DATE OF DECISION: NOVEMBER 27, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Danbury,
Docket No. CR99-106707.
Vicki Hutchinson, Esq. Counsel for Petitioner
David Shannon, Esq. Assistant State's Attorney, Counsel for State
 BY THE DIVISION
The petitioner was convicted by a jury of Assault in the Second Degree and Criminal Mischief in the Third Degree. The trial court imposed a sentence of 5 years incarceration on the Assault in the Second Degree charge and 90 days concurrent on the Criminal Mischief charge for a net effective sentence of five (5) years to serve. It is this sentence the petitioner seeks to have received.
The underlying factual basis for the conviction indicates that an argument ensued between the victim, a seventeen year old female, and the defendant who was 32 years of age at the time, wherein the victim threw an object and struck the petitioner in the head. Petitioner proceeded to leave the apartment area, proceed to the victim's car, and slash her tires, and then return to the apartment and slash the face of the victim with a razor.
At the hearing before the Division counsel for the petitioner argued that the jury, in fact, acquitted the petitioner of Assault in the First Degree, and found the petitioner guilty of the lesser offense of Assault in the Second Degree. Counsel for petitioner opined that the trial court "was disturbed by the verdict" and "court felt it was an Assault in the First Degree case." Counsel offered nothing in the record as an argument to support the claim. The sentencing court fully recognized the petitioner was convicted of Assault in the Second Degree by so stating and by imposing a sentence within the parameters set by the legislature for a conviction of a class D felony.
Counsel for petitioner further argued that the petitioner's "track record" does not warrant the sentence imposed. Counsel further stressed the petitioner's positive work record wherein he had employment before moving to Connecticut and upon settling in Connecticut. Counsel indicated that the petitioner had a tendency to drink more than he should and he losses control. Counsel related that the implement utilized to commit the crimes was a box cutter petitioner used in his employment. Counsel minimized the nature of the physical injury inflicted on the victim noting that the scaring is "barely noticeable." Counsel did acknowledge that the jury did find that serious physical injury had been inflicted.
The petitioner addressed the Division and requested a sentence reduction in order to allow petitioner to enlist in the U.S. Navy in order to serve his Country in this time of need. CT Page 16339
The states attorney countered by emphasizing the serious nature of the injuries inflicted upon the victim; that she received some sixty stitches to her face and staples to the back of her neck; and that two wounds were inflicted. Counsel for the state noted the petitioner's prior criminal convictions and that in the petitioner's youth he, the petitioner, pulled a knife on a school principal. Counsel further noted that the sentencing court did not impose the maximum sentence allowable but elected to run the misdemeanor conviction concurrently with that of the Assault in the Second Degree.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The young victim suffered a severe slash to the face whereby the victim will suffer permanent facial paralysis. This egregious act of violence is combined with a criminal history that reflects, inter alia, two prior assault convictions. The maximum sentence imposed for the assault, under these circumstances was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Norko, J., participated in this decision.